

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00148-CR

---

**ROBERT MILES RITTERPUSCH, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 51st District Court
Sterling County, Texas[1]
Trial Court No. 984, Honorable Carmen S. Dusek, Presiding

---

August 16, 2023

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Robert Miles Ritterpusch, appeals from the trial court's judgment adjudicating him guilty of aggravated robbery[2] and sentencing him to twenty-five years' confinement. Appellant's brief was originally due May 31, 2023. We subsequently granted Appellant's appointed counsel an extension to June 30, 2023, to file a brief. No

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 29.03.

brief was filed by this deadline. By letter of July 24, 2023, we notified Appellant's counsel that the brief was overdue and admonished him that failure to file a brief by August 3 would result in the appeal being abated and the cause remanded to the trial court for further proceedings. Appellant's counsel has not filed a brief or had any further communication with this Court to date.

We, therefore, abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1)     whether Appellant still desires to prosecute the appeal;

(2)     whether Appellant is indigent;

(3)     why a timely appellate brief has not been filed on behalf of Appellant;

(4)     whether Appellant's counsel has abandoned the appeal;

(5)     whether Appellant has been denied the effective assistance of counsel;

(6)     whether new counsel should be appointed; and

(7)     if appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by September 15, 2023. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should counsel file a brief on or before August 30, 2023, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.